# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 11-0063V
(E-Filed: July 3, 2013)

```
* * * * * * * * * * * * *
ANDREA BOTAN, as the mother          *        UNPUBLISHED
and legal representative of her       *
minor daughter, EVELYN BOTAN         *        Special Master
                                      *        Hamilton-Fieldman
            Petitioners,              *
                                      *        DTaP Vaccine; Table Encephalopathy;
      v.                              *        Respondent's Concession; Finding of
                                      *        Entitlement; Damages Decision Based
SECRETARY OF HEALTH                   *        on Proffer
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
                                      *
* * * * * * * * * * * * *
```

Curtis R. Webb, Twin Falls, ID, for Petitioner

Alexis B. Babcock, Washington, DC, for respondent

## DECISION AWARDING DAMAGES[1]

On January 28, 2011, Petitioner, Andrea Botan, filed a petition on behalf of her minor child seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program") for a vaccine-related injury.[2]

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)), requires that the court post this decision on its website. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, the undersigned will delete such material from public access.

Respondent has conceded that Petitioner is entitled to compensation due to Evelyn Botan suffering a diphtheria, tetanus, acellular pertussis (DTaP) Vaccine Table presumptive injury of encephalopathy.

Informed by Respondent's concession that an award of damages is appropriate, the undersigned finds that Petitioner is entitled to compensation under the Vaccine Program.

On June 26, 2013, Respondent filed a Proffer detailing Respondent's recommendations of Damages (Proffer). In the Proffer Respondent represented that Petitioner had agreed to all of the terms set forth therein. Based on the record as a whole, the undersigned finds the Proffer reasonable and that Petitioner is entitled to an award as stated in the Proffer. Pursuant to the terms stated in the attached Proffer, the court awards Petitioner:

1.  A lump sum payment of **$551,303.00**, representing the life care expenses for Year One ($321,303.00), and the net present value of a portion of the expenses for Year 2030 ($230,000.00), in the form of a check payable to The Broadway National Bank for the benefit of the Evelyn Botan U.S. Grantor Reversionary Trust;

2.  A lump sum payment of **$900,300.00**, representing compensation for lost future earnings ($650,300.00) and pain and suffering ($250,000.00), in the form of a check payable to the guardian/conservator of Evelyn Botan's estate. No payments shall be made until Petitioner satisfies the requirements set forth in the attached proffer with respect to the guardianship/conservatorship of the estate of Evelyn Botan[3];

3.  A lump sum payment of **$7,000.00**, representing compensation for past un-reimbursed expenses, in the form of a check payable to Petitioner;

4.  A lump sum payment of **$31,490.11**, representing compensation for satisfaction of the State of Texas Medicaid lien, payable jointly to the guardian/conservator and:

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act"). All citations in this decision to individual sections of the Act are to 42 U.S.C.A. § 300aa.

[3] The Proffer requires that Petitioner appoint a guardian/conservator of Evelyn Botan's estate, as duly authorized under the laws of the State of Texas. As of the date of this decision, nothing in the record indicates that this requirement has been fulfilled.

TMHP/Medicaid
TPL/Tort Department
P.O. Box 202948
Austin, TX 78720-2948
Attn: Tort Receivables

5.   An amount sufficient to purchase an annuity contract(s), subject to the conditions described in Section II. E. of the attached Proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A [attached hereto as Appendix A at 1-2] paid to the life insurance company(ies) from which the annuity(ies) will be purchased. Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent payments shall be provided through Respondent's purchase of an annuity, which annuity will make payments directly to the Evelyn Botan U.S. Grantor Reversionary Trust, only so long as Evelyn Botan is alive at the time a particular payment is due. The "annual amounts" set forth in Tab B [attached hereto as Appendix A at 3-4] describe the total year sum to be paid to the Trust and do not require that the payment be made in one single payment.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

| | |
|---|---|
| ) | |
| ANDREA BOTAN, as the mother and ) | |
| legal representative of her minor ) | |
| daughter, EVELYN BOTAN ) | No. 11-063V |
| ) | |
| Petitioner. ) | Special Master Hamilton-Fieldman |
| ) | |
| v. ) | |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S RECOMMENDATIONS ON DAMAGES**

Respondent submits the following recommendations regarding items of compensation to be awarded to petitioner under the Vaccine Act.

**I.      ITEMS OF COMPENSATION**

**A.      LIFE CARE ITEMS**

The parties engaged life care planners Laura E. Fox, MSN, BSN, RN, CDDN, CLCP for the Respondent and Terry K. Arnold, RN, CDMS, CRRN, CLCP, CNLCP for the petitioner, to provide an estimation of Evelyn Botan's future vaccine-injury related needs. All items identified in the agreed life care plan are supported by the evidence and are illustrated by the chart entitled

**TAB A: Summary of Life Care Items.[1]**

---

[1]      The chart at Tab A illustrates the annual benefits as contained in the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment and every year thereafter up to the anniversary of the date of judgment.

Respondent proffers Evelyn Botan should be awarded all items of compensation that are set forth in the agreed life care plan and illustrated by the chart attached as Tab A. Petitioner agrees. Respondent further proffers that the appropriate growth rate for life care items of compensation should be four percent (4.0%) for non-medical items and six percent (6.0%) for medical items, compounded annually from the date of judgment, as set forth in **Tab B: Annuity Funding Portfolio.** Petitioner agrees.

### B. LOST FUTURE EARNINGS

The parties agree that based upon the evidence in the record, Evelyn Botan will not be able to engage in full-time gainful employment. Therefore, respondent proffers that Evelyn Botan should be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Respondent proffers that the appropriate award for Evelyn Botan's lost future earnings is $650,300.00. Petitioner agrees.

### C. PAIN AND SUFFERING

Respondent proffers that Evelyn Botan should be awarded $250,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### D. PAST UNREIMBURSED EXPENSES

Evidence supplied by petitioners document their expenditure of past unreimbursable expenses related to Evelyn Botan's vaccine-related injury. Respondent proffers that the petitioner is entitled to past un-reimbursed expenses in the amount of $7,000.00. Petitioner agrees.

2

**E.**     **MEDICAID LIEN**

Respondent proffers that Evelyn Botan should be awarded funds to satisfy the State of

Texas Medicaid lien in the amount of $31,490.11, which represents full satisfaction of any right

of subrogation, assignment, claim, lien or cause of action the State of Texas may have against

any individual as a result of any Medicaid payments the State of Texas has made to or on behalf

of Evelyn Botan from the date of her eligibility for benefits through the date of judgment in this

case as a result of his vaccine-related injury suffered on or about December 3, 2009, under Title

XIX of the Social Security Act.

**F.**     **ATTORNEY'S FEES AND COSTS**

This proffer does not address final attorneys' fees and costs.  Petitioner is entitled to

reasonable attorneys' fees and costs, to be determined at a later date upon petitioner filing

substantiating documentation.

**II.**     **FORM OF THE AWARD**

The parties recommend that the compensation provided to Evelyn Botan for her future

medical care needs should be made to a U. S. Grantor Reversionary Trust established for the

benefit of Evelyn Botan with payments made to the Trust through a combination of a one time

cash payment, annuity lump sum payments and future annuity payments as described below, and

request that the special master's decision and the Court's judgment reflect the following items of

compensation.

Respondent proffers and petitioner agrees that an award of compensation include the

following elements:

3

A.     A lump sum payment of $321,303.00, representing life care expenses for Year 1 and $230,000.00 representing the net present value of a portion of the expenses for Year 2030 (**$551,303.00**) shall be awarded in the form of a check payable to The Broadway National Bank for the benefit of the Evelyn Botan U. S. Grantor Reversionary Trust.

B.  A lump sum payment of **$900,300.00**, representing compensation for lost future earnings ($650,300.00) and pain and suffering ($250,000.00), in the form of a check payable to the guardian/conservator of Evelyn Botan's estate.  No payments shall be made until petitioner satisfies the requirements set forth below with respect to the guardianship/conservatorship of the estate of Evelyn Botan.

C.  A lump sum payment of **$7,000.00,** representing compensation for past un-reimbursed expenses shall be awarded in the form of a check payable to petitioner.

D.  A lump sum payment of **$31,490.11**, representing compensation for satisfaction of the State of Texas Medicaid lien, payable jointly to the guardian/conservator and

> TMHP/Medicaid
> TPL/Tort Department
> P.O. Box 202948
> Austin, TX  78720-2948
> Attn:  Tort Receivables

The guardian/conservator agrees to endorse this payment to the State of Texas.

E.  An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

4

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent payments shall be provided through respondent's purchase of an annuity, which annuity will make payments directly to the Evelyn Botan U. S. Grantor Reversionary Trust, only so long as Evelyn Botan is alive at the time a

---

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

      b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

      c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

      d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

particular payment is due. Payments will be provided to the Trust in annual or other installments. The "annual amounts" set forth in Tab B describe the total year sum to be paid to the Trust and do not require that the payment be made in one single payment.

Petitioner represents that John Eaton presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Evelyn Botan's estate under the laws of the State of Texas. No payments pursuant to paragraph II(B) of this Proffer shall be made until petitioner provides the Secretary with documentation establishing Mr. Eaton's appointment as guardian/conservator of Evelyn Botan's estate. If Mr. Eaton is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Evelyn Botan at the time a payment pursuant paragraph II(B) to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Evelyn Botan upon submission of written documentation of such appointment to the Secretary.

1.      Growth Rates

Respondent proffers that a four percent (4.0%) growth rate should be applied to all non-medical life care items and a six percent (6.0%) growth rate should be applied to all medical life care items. The benefits illustrated in the chart at Tab B that are to be paid through annuity payments should grow as follows: four percent (4.0%) compounded annually from the date of judgment and six percent (6.0%) compounded annually from the date of judgment. Petitioner agrees.

6

2. Life-contingent Annuity

The Trust will continue to receive the annuity payments for future medical care from the Life Insurance Company only so long as Evelyn Botan is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be made within twenty (20) days of Evelyn Botan's death.

**III.**     <u>**SUMMARY OF RECOMMENDED PAYMENTS FOLLOWING JUDGMENT**</u>

A.     Lump Sum paid to the Guardian/Conservator of the Estate of Evelyn Botan:

**$900,300.00;**

B.     Reimbursement of Medicaid Lien paid to Guardian/Conservator: **$31,490.11;**

C.     Lump Sum paid to Petitioner: **$7,000.00;**

D.     Lump Sum paid to Broadway National Bank for the benefit of the Evelyn Botan

U. S. Grantor Reversionary Trust in the amount of: **$551,303.00;** and

E.     An amount sufficient to purchase the annuity contract described above in section

II. E.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Alexis B. Babcock

ALEXIS B. BABCOCK
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel.: (202) 616-7678

Dated: June 26, 2013